IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL GAFOOR AKHOUZADA, et al., ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, et al., ) <br> ) <br> Respondents. ) | Civil Action No. 06-CV-1685 (JDB) |

## RESPONDENTS' OPPOSITION TO MOTION FOR THE IMMEDIATE ISSUANCE OF A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2243 OR, ALTERNATIVELY, TO ISSUE AN ORDER TO SHOW CAUSE

Respondents hereby oppose the motion filed by petitioner Abdul Gafoor Akhouzada and his next friend, Abdul Salam, for issuance of the writ of habeas corpus or an order to show cause why the writ should not be granted. (Mot. for the Immediate Issuance of a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2243 or, Alternatively, to Issue an Order to Show Cause (dkt. nos. 5, 7)) Respondents have been unable to identify a detainee positively matching the name and description provided in the petition for habeas corpus, Pet. for a Writ of Habeas Corpus (dkt. no. 1). In any event, as explained below, petitioners' motion and memorandum of law disregard the fact that this Court lacks jurisdiction. Petitioners' motion, therefore, is inappropriate and should be denied.

## BACKGROUND

There is a significant practical problem with the petitioner's motion and potentially this case as a whole: the respondents do not have a record of a Guantanamo detainee whose name

and description positively matches the information provided in the petition.[1] Respondents have requested additional identifying information from petitioners' counsel, but petitioners' counsel have not yet responded. As such, if the Court were to grant the petitioners' motion, respondents would have no way of knowing to what individual in their custody, if any, the order actually pertained. Accordingly, and for the reasons below, the petitioners' motion should be denied.

## ARGUMENT

A.   **The Court Should Deny Petitioners' Motion Because the Military Commissions Act of 2006 and the Detainee Treatment Act of 2005 Withdrew this Court's Jurisdiction in Favor of Exclusive Jurisdiction in the Court of Appeals.**

Petitioners' motion should be denied, because, as the Court of Appeals held in Boumediene v. Bush, No. 05-5062, 2007 WL 506581 (D.C. Cir. Feb. 20, 2007), petition for cert. filed, 75 U.S.L.W. 3483 (U.S. Mar. 5, 2007) (No. 06-1195), and petition for cert. filed, Al Odah v. United States, 75 U.S.L.W. 3483 (U.S. Mar. 5, 2007) (No. 06-1196), this Court lacks jurisdiction over actions challenging or otherwise relating to the detention of aliens held as enemy combatants. See id. at *3–*9. The Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA"), which became law on October 17, 2006, see Notice of Military Commissions Act of 2006, No. 06-CV-1685 (JDB) (dkt. no. 2), and the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the DTA"), vest exclusive jurisdiction over this action in the D.C. Circuit. The MCA amends 28 U.S.C. § 2241 to provide that "no

---

[1] Because names of Guantanamo detainees generally are in foreign languages and must be transliterated, and because many detainees have numerous aliases, it is common for names listed in habeas captions not to precisely match names in the records of the Department of Defense, and for there to initially be some degree of uncertainty about the identity of the actual individual to whom a new habeas petition applies. Typically, petitioners' counsel provide additional identifying information enabling these problems to be resolved.

court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens determined by the United States to be subject to detention as enemy combatants, or awaiting such determinations, or (2) any other action "relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement" of such aliens, except for the exclusive review mechanism in the D.C. Circuit created under the DTA for addressing the validity of the detention of such aliens.[2]  See MCA § 7(a). Further, the new amendment to § 2241 takes effect on the date of enactment and applies specifically "to all cases, without exception, pending on or after the date of the enactment of this Act which relate to any aspect of the detention, transfer, treatment, trial, or conditions of detention of an alien detained by the United States since September 11, 2001." Id. § 7(b).

The review mechanism created by the DTA, in turn, invests the D.C. Circuit with exclusive jurisdiction to address the validity of the detention of aliens as enemy combatants by the United States, including at Guantanamo Bay, and of final decisions of any military commissions.[3]  See DTA § 1005(e)(2)–(3), as amended by MCA. Section 1005(e)(2) of the

---

[2] As stated above, respondents have not been able to identify petitioner Akhouzada as a detainee at Guantanamo Bay. However, the petition for habeas corpus states that petitioner Akhouzada is an alien who has been determined to be an enemy combatant in a Combatant Status Review Tribunal or is awaiting such a determination. See Pet. for Writ of Habeas Corpus at 1, ¶ 10.

[3] The Supreme Court in Hamdan held that the provision of the DTA withdrawing district court jurisdiction to consider habeas petitions and other claims by aliens held as enemy combatants at Guantanamo Bay, see DTA § 1005(e)(1), did not apply to habeas petitions pending prior to the enactment of the DTA. See Hamdan v. Rumsfeld, 548 U.S. --, 126 S. Ct. 2749, 2762-69 (U.S. June 29, 2006). Congress, however, has now addressed the matter through passage of the MCA, which unambiguously withdraws district court jurisdiction in all pending cases such as this, in favor of the exclusive review mechanism available in the Court of Appeals. See MCA § 7.

DTA states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review.

Even prior to enactment of the MCA, the DTA invested the Court of Appeals with the same "exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," see DTA § 1005(e)(2)–(3), which, standing alone, deprived the District Court of jurisdiction in cases like this, challenging the detention of petitioner Akhouzada as an enemy combatant. See, e.g., Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); Telecomms. Research & Action Ctr. v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals); cf. id. at 77 ("By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power."). In any event, with the enactment of the MCA, as the D.C. Circuit made clear in Boumediene, District Court jurisdiction has been unambiguously withdrawn.

Granting the relief petitioners request would be an assertion of jurisdiction and authority in this case inconsistent with the DTA's investment of exclusive jurisdiction in the Court of Appeals and the MCA's withdrawal of other forms of jurisdiction, and respondents' jurisdictional argument is in no way immaterial or premature. See Steel Co. v. Citizens for a

Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Indeed, petitioners are not entitled to ignore the governing statutes and obtain relief from the Court, i.e., issuance of the writ of habeas corpus or an order to show cause why the writ should not be granted, as if the statutes do not exist. Whatever arguments may be marshaled in favor of the existence of some form of jurisdiction ancillary to that in the Court of Appeals provided by the DTA and MCA, it is clear that such jurisdiction would not reside in the District Court, as opposed to some other court. See Telecomms. Research & Action Ctr., 750 F.2d at 75, 78–79; see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." (citation omitted)).

Accordingly, petitioners' motion for issuance of the writ or an order to show cause should be denied, or, at a minimum, proceedings in this habeas corpus action, including petitioners' request for issuance of the writ or an order to show cause, should be forestalled pending action by the Supreme Court in Boumediene.

**B.     The Court Should Not Order the Production of a Factual Return in Any Event.**

Petitioners' motion seeks issuance of a writ returnable in three days. Under normal habeas corpus practice, this would require respondents to submit a factual return explaining the bases for and otherwise justifying petitioner's detention, as a precursor to proceedings on the merits. Such proceedings are not appropriate, for the reasons discussed above. Further, the

court should not require a factual return because such action involves the disclosure to counsel of classified information, and the preparation of returns is not an inconsequential task. As an initial matter, requiring respondents to provide to counsel factual returns containing classified information, even where counsel receive such disclosures subject to certain handling restrictions, is not without prejudice to respondents, especially when the Court of Appeals has held that this court lacks authority to order such relief. Furthermore, with respect to the logistical burdens involved in producing factual returns, each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations, and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Because each return can range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking. For these reasons, as well as this Court's lack of jurisdiction, petitioners' motion for an order requiring production of a factual return should be denied.[4]

---

[4] Although respondents maintain that a factual return should not be required at all, if the Court decides to assert jurisdiction notwithstanding the Detainee Treatment Act of 2005, the Military Commissions Act of 2006, and the D.C. Circuit's ruling in Boumediene and order the production of a factual return in this case, respondents request that in light of the logistical burdens involved, they be given at least 90 days to submit the factual return. The review of information in the return described above, that is, to ensure that any information disclosed to counsel is in accordance with all applicable statutes, regulations, and Executive Orders, must be conducted. Furthermore, significant numbers of counsel in other pending Guantanamo cases have moved or are moving for orders requiring the submission of factual returns by respondents. In light of such factors, if the Court determines that the submission of a factual return is appropriate, the Court should grant respondents at least 90 days to produce the factual return in this case.

For all of these reasons, petitioners have not established a sufficient factual or legal basis to justify issuance of an order requiring the production of a factual return.

## CONCLUSION

For the foregoing reasons, the Motion for the Immediate Issuance of a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2243 or, Alternatively, to Issue an Order to Show Cause should be denied.

Dated: March 16, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

  /s/ JAMES C. LUH
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
EDWARD H. WHITE
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL GAFOOR AKHOUZADA, et al., ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v.   ) | Civil Action No. 06-CV-1685 (JDB) |
| ) | |
| GEORGE W. BUSH, et al., ) | |
| ) | |
| Respondents. ) | |

### ORDER DENYING PETITIONERS' MOTION FOR THE IMMEDIATE ISSUANCE OF A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2243 OR, ALTERNATIVELY, TO ISSUE AN ORDER TO SHOW CAUSE

It is hereby ordered that petitioners' Motion for the Immediate Issuance of a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2243 or, Alternatively, to Issue an Order to Show Cause is DENIED.

IT IS SO ORDERED.

Dated:

                                                                                          JOHN D. BATES
                                                                                          UNITED STATES DISTRICT JUDGE