IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————
                                              )
ABDUL AKHOUZADA, *et al.*,                    )
                                              )
        Petitioners,                          )
                                              )
        v.                                    )        Civil Action No. 06-CV-1685 (JDB)
                                              )
GEORGE W. BUSH,                               )
President of the United States, et al.,       )
                                              )
        Respondents.                          )
———————————————————————)

## RESPONDENTS' OPPOSITION TO REQUEST FOR RULING ON MOTIONS FOR ENTRY OF AMENDED PROTECTIVE ORDER AND FOR 30-DAYS' NOTICE OF TRANSFER

Petitioners' recent Notice of Recent Activity in Guantanamo Cases and Request for a Ruling on Motion for Entry of Amended Protective Order and Motion for Order Requiring 30-Days' Notice of Removal from Guantanamo (dkt. no. 18) urges the Court to enter a protective order in this case, as well as to impose an order preventing respondents from relinquishing custody of petitioner absent 30-days' advance notice to petitioners' counsel.   The Court, however, lacks jurisdiction over this case, *see Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 75 U.S.L.W. 3707 (June 29, 2007), and petitioners' requested relief is otherwise inappropriate.   The only appropriate action for the Court to take in this case is to dismiss it, as requested in respondents' pending motion to dismiss (dkt. nos. 11, 16); in any event, however, the Court should reject petitioners' request for entry of a protective order and for advance notice of any transfer of petitioner from Guantanamo Bay.

## BACKGROUND

The petition in this case was filed on September 29, 2006, on behalf of petitioner Akhouzada, who was previously determined by a Combatant Status Review Tribunal ("CSRT") to be an enemy combatant. *See* dkt. no. 1; Resp's Mot. to Dismiss, Ex. A (dkt. no. 11).[1] On April 19, 2007, respondents moved to dismiss this case in light of the MCA and *Boumediene*. *See* dkt. no. 11.

## ARGUMENT

### I.    PETITIONERS' REQUESTS SHOULD BE DENIED BECAUSE THE COURT LACKS JURISDICTION TO GRANT THEM.

Petitioners' requests for entry of a protective order and for an order requiring advance notice of any transfer should be denied because the Court lacks jurisdiction to grant the requested relief. As explained in respondents' motion to dismiss (dkt. no. 15), on October 17, 2006, the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, § 7, 120 Stat. 2600, was enacted, which, among other things, eliminated court jurisdiction over habeas and other detention-related claims brought by aliens detained as enemy combatants. The MCA amended the habeas statute, 28 U.S.C. § 2241, adding a subsection (e) to provide that "[n]o court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the United States determined to be enemy combatants or awaiting such a status determination, or (2) any other action "relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement" of an alien who is or was so detained, except for the exclusive review

---

[1] Based on information supplied by petitioner, respondents have identified petitioner Akhouzada as detainee ISN (Internment Serial Number) 954. Thus, the identification issue raised in respondents' prior opposition to petitioners' motion for an order requiring advance notice of any transfer (dkt. no. 9), has been resolved.

mechanism in the Court of Appeals created under the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, Tit. X, 119 Stat. 2680, for addressing the validity of the detention of such an alien.[2]  *See* MCA § 7(a) (emphasis added).  This new amendment to § 2241 took effect on the date of enactment and applies specifically "to all cases, without exception, pending on or after the date of the enactment of this Act which relates to any aspect of the detention, transfer, treatment, trial, or conditions of detention of an alien detained by the United States since September 11, 2001."  *Id.* § 7(b).

On February 20, 2007, the Court of Appeals held in *Boumediene* that the MCA plainly applies to all cases filed by aliens detained as enemy combatants, including pending habeas petitions such as this one, and withdraws all District Court jurisdiction over such cases, including both habeas and non-habeas claims.  *See* 476 F.3d 981, 986-88 & n.1; *id.* at 994 ("Federal courts have no jurisdiction in these cases.").  The Court of Appeals also held that the withdrawal of habeas jurisdiction over pending cases did not violate the Suspension Clause because the alien detainees held at Guantanamo have no constitutional rights and because the constitutional right to seek habeas review does not extend to aliens held at Guantanamo.  *Id.* at 988-94.  Consequently, the Court of Appeals determined that (1) the district courts' decisions on appeal should be vacated and (2) the cases on appeal should be dismissed for lack of jurisdiction.  *Id.* at 994.  The Supreme Court granted *certiorari* in *Boumediene* on June 29, 2007.  *See Boumediene v. Bush*, 75 U.S.L.W. 3707 (June 29, 2007).  However, because the *Boumediene* decision has not

---

[2] *See* DTA § 1005(e)(2)-(3) (as amended by MCA §§ 9-10).  Section 1005(e)(2) of the DTA, as amended, states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review.

3

even been reviewed by the Supreme Court or by the Court of Appeals sitting *en banc*, let alone

overruled, the *Boumediene* decision constitutes the law of the Circuit and is binding on this

Court.[3]  Thus, under the MCA federal district courts do not have jurisdiction over cases brought

by aliens at Guantanamo Bay detained as enemy combatants, including this case.[4]   Accordingly,

_____

[3] *See Ayuda, Inc. v. Thornburgh*, 919 F.2d 153, 154 (D.C. Cir. 1990) (Henderson, J., concurring)  ("Once [an] opinion [is] released it [becomes] the law of this circuit."); *Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005) ("this Court is bound to follow circuit precedent until it is overruled either by an *en banc* court or the Supreme Court"); *Chambers v. United States*, 22 F.3d 939, 942 n.3 (9th Cir. 1994) ("In this circuit, once a published opinion is filed, it becomes the law of the circuit until withdrawn or reversed by the Supreme Court or an en banc court."), *vacated on other grounds*, 47 F.3d 1015 (1995).  *See also Vo Van Chau v. U.S. Dep't of State*, 891 F. Supp. 650, 654 (D.D.C. 1995) (holding that the district court was bound by the principle of *stare decisis* to abide by a Court of Appeals decision even though the Court of Appeals had not yet issued its mandate and even though the mandate was stayed during the pendency of a petition for rehearing).  The fact that this Court must follow the law of the Circuit and dismiss this case is further discussed in respondents' Motion to Dismiss.  The law of the circuit doctrine renders the decision of a panel of circuit judges binding on all other panels within that circuit, *LaShawn A. v. Barry*, 87 F.3d 1389, 1395 (D.C. Cir. 1996) (*en banc*), and therefore also on district courts within that circuit.  And, "[t]he requirement that jurisdiction be established as a threshold matter ... is 'inflexible and without exception." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (internal quotation marks and citations omitted).  Respondents' motion to dismiss has been granted in several cases based on the law of the circuit as established in *Boumediene*.  *See, e.g.*, *Sadkhan v. Bush*, 05-CV-1487 (RMC) (dkt. no. 51; May 9, 2007); *Al-Qahtani v. Bush*, 05-CV-1971 (RMC) (dkt. no. 39; May 9, 2007).  Indeed, Judge Robertson dismissed the Guantanamo cases on his docket *sua sponte*.  *See, e.g., Khan v. Bush*, 05-CV-1491 (JR) (dkt. no. 26; April 5, 2007); *Zuhoor v. Bush*, 05-CV-1011 (JR); (dkt. no. 19; April 5, 2007).

[4] Even prior to enactment of the MCA, the DTA invested the Court of Appeals with the same "exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant."  *See* DTA § 1005(e)(2)-(3).  This investment of exclusive jurisdiction in the Court of Appeals, independent of the MCA, deprived the District Court of jurisdiction in cases challenging the detention of enemy combatants.  *See*, *e.g.*, *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); *Laing v. Ashcroft*, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals); *cf. id.* at 77 ("By lodging review of agency action in the Court

the Court lacks jurisdiction to grant petitioners' requests for entry of a protective order and for an injunctive order regarding advance notice of transfer. The Court is not free to ignore the binding precedent in *Boumediene* merely because the Supreme Court has granted review. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Without jurisdiction [a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).[5] *See also Hicks v. Bush*, No. 02-CV-0299 (CKK), 2007 WL 902303 at *6 (D.D.C. Mar. 23, 2007) (denying motion to enjoin military commission proceeding because "*Boumediene* holds that this Court lacks jurisdiction to even consider Petitioners' claims, such that this Court is precluded from even engaging in a balancing of the factors that would be considered on a motion for a preliminary injunction."). For this reason, as well as the additional reasons discussed below, petitioners' requests should be denied.

---

of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power."). In any event, with the enactment of the MCA, as the D.C. Circuit made clear in *Boumediene*, District Court jurisdiction has been unambiguously withdrawn.

    [5] Petitioner cites a June 7, 2007, order entered by the D.C. Circuit in *Al Ginco v. Bush*, 06-5191, as authority for the Court to grant petitioners' requests. *See* Petr's Mot. at 1-2. That order, however, did not change the law of the Circuit. The order stated (among other things) that the district court judges presiding over the Guantanamo Bay cases involved in that appeal could, in the first instance, rule on pending motions to dismiss and motions to stay and for abeyance. That order, however, was issued in appeals involving issues ancillary to the underlying habeas cases there (specifically, orders regarding advance notice of transfers of Guantanamo detainees). The Court of Appeals, thus, merely declined in that context to dismiss the underlying habeas cases as respondents had requested the Court of Appeals to do, instead permitting the district court to consider the motions before it and to rule in accordance with binding precedent.

II.    **PETITIONERS' REQUEST FOR ENTRY OF A PROTECTIVE ORDER
        SHOULD BE DENIED.**

Petitioner argues that entry of a protective order in this case is needed so that counsel can

have access to petitioner through legal mail channels and in-person visits in order to develop

petitioners' challenge to his detention on the merits, to be adjudicated in this habeas case or a

yet-to-be filed petition in the Court of Appeals under the DTA.  *See* Petr's Notice at 3-5.

Petitioner also seeks this Court's entry of a protective order because counsel do not approve of

the protective order that was proposed by the government in other pending DTA petitions in the

Court of Appeals.  *Id.* at 5.

Entry of a protective order for counsel access is not appropriate in this case, however.

Whatever the ultimate outcome of Supreme Court review in the *Boumediene* case may be, it is

indisputable that in the interim, consistent with the law of the Circuit, Guantanamo detainee

habeas cases, such as this one, should not be, and are not, moving forward on the merits.  On the

other hand, a jurisdictionally appropriate alternative is available to petitioner to challenge the

merits of his detention, that is, an appropriate DTA petition to be filed in the Court of Appeals.

Given this situation, petitioner has no legitimate claim to action by this Court intended to

facilitate access for the purpose of development of petitioners' case on the merits.  Such access

should be granted as appropriate not by this Court, but in the context of a jurisdictionally

appropriate case filed in the Court of Appeals.  The Court of Appeals must establish its own

procedures, based on any procedural rights that Congress provided to detainees in the DTA and

appropriate to the nature of the Court of Appeals' review under the DTA.  *Cf. Telecomms.*

*Research & Action Ctr. v. FCC*, 750 F.2d 70, 77 (D.C. Cir. 1984) ("By lodging review of agency

action in the Court of Appeals, Congress manifested an intent that the appellate court exercise

sole jurisdiction over the class of claims covered by the statutory grant of review power."); *id*. at

75, 78-79 (request for relief in district court that might affect Court of Appeals' future, exclusive

jurisdiction is subject to the exclusive review of the Court of Appeals).  Indeed, the Court of

Appeals has already considered issues relating to the scope and terms of an appropriate protective

order in two pending DTA petition cases in which the parties proposed counsel access

procedures, *Bismullah v. Gates*, No. 06-1197 (D.C. Cir), and *Parhat v. Gates*, No. 06-1397 (D.C.

Cir), and has entered a protective order in those and other DTA cases.  *See* Exhibit 6.  Petitioner

is not entitled to circumvent a determination by the Court of Appeals as to the sort of protective

order considered to be appropriate with respect to detainees' challenges to their detention and

seek to obtain jurisdictionally inappropriate action on such matters by this Court.

Furthermore, because the protective order entered by the Court of Appeals differs in

significant respects from the protective order entered in other Guantanamo habeas cases prior to

the *Bismullah* decision, granting petitioners' requested relief has the potential to create

significant problems of concurrent and conflicting obligations on the parties under competing

protective orders entered by different courts.  In the interests of clarity and comity, the Court, if it

does not dismiss this case, should refrain from entering a protective order, in deference to a

protective order entered by the Court of Appeals in jurisdictionally appropriate challenges to

detention of Guantanamo detainees.

**III.    PETITIONERS' REQUEST FOR AN INJUNCTION PROHIBITING ANY
TRANSFER OF PETITIONER FROM GUANTANAMO ABSENT 30-DAYS'
ADVANCE NOTICE OF SUCH TRANSFER SHOULD BE DENIED.**

Petitioners' request for an injunction prohibiting any transfer of petitioner from Guantanamo absent 30-days' advance notice of any transfer likewise should be denied for essentially the same reasons as set forth in respondents' prior opposition to petitioners' motion seeking such relief.  *See* Resps' Opp. To Petr's Mot. for Order Requiring Resps to Provide Counsel For Petitioner and the Court with 30-days' Advance Notice Of Any Intended Removal of Petitioner from Guantanamo (dkt. no. 9).  As explained there, and *supra*, the District Court is without jurisdiction in this matter and, specifically, with respect to issues relating to detainee transfers.  As recognized in *Boumediene*, Section 7 of the MCA eliminates jurisdiction not only over habeas actions, but also separately over all cases "'which relate to any aspect of the detention, *transfer*, treatment, trial, or conditions of detention of an alien detained by the United States since September 11, 2001.'"  *See* 476 F.3d at 986-87 & n.1 (emphasis added).  Thus, the MCA expressly bars claims relating to any transfer of a petitioner.

On the basis of the MCA and the jurisdictional holding in *Boumediene,* Judge Urbina and the D.C. Circuit denied a motion to interfere in a transfer matter in *Zalita v. Bush*, No. 07-5129 (Apr. 25, 2007) (copy attached as Exhibit 1), a decision affirmed by the Supreme Court.[6] Furthermore, on July 16, 2007, the D.C. Circuit, in a DTA petition case filed by a Guantanamo detainee, denied an emergency motion seeking an order requiring the respondents to provide thirty-days' advance notice of any intended transfer of the petitioner.  The Court stated that under the MCA, it lacked jurisdiction to grant such relief.  *Hamlily v. Gates*, No. 07-1127 (D.C. Cir.

---

[6] A copy of Judge Urbina's order denying an injunction in *Zalita* is attached hereto as Exhibit 2.  A motion seeking the same relief was subsequently denied by the Supreme Court in the *Zalita* case, *Zalita v. Bush*, 06A1005 (Sup.Ct. May 1, 2007) (attached as Exhibit 3), although with no discussion of the basis for the denial.  Presumably, that Court also recognized that jurisdiction was lacking to issue the requested injunction.

July 16, 2007) (copy attached as Exhibit 4).  Thus, the Court of Appeals determined that the

jurisdictional bar on judicial relief related to transfer matters, *see* MCA § 7(a), applied even in a

case where that Court otherwise had jurisdiction to review the propriety of the detainee's

detention as an enemy combatant, *see supra* note 2.  All the more, this Court would lack

jurisdiction to provide relief related to a transfer where the MCA also specifically *withdraws* this

Court's jurisdiction over petitioners' detention-related habeas claim.  *See* Order of July 27, 2007,

*Ben Bacha v. Bush*, No. 05-CV-2349 (RMC) (D.D.C.) (on the basis of *Boumediene*, *Zalita*, and

*Hamlily*, denying motion seeking to enjoin alleged transfer of detainee) (copy attached as Exhibit

5).

        The Court of Appeals' denial of transfer-related relief in *Hamlily*, where that Court held

jurisdiction to review the merits of that petitioners' detention, undermines petitioners' argument,

*see* Petr's Mot. at 5-6, that the All Writs Act, 28 U.S.C. § 1651, provides this Court with

jurisdiction to issue the injunctive relief petitioner seeks.  Indeed, the broad, unambiguous

language of the MCA plainly covers any jurisdiction that could possibly be afforded under

§ 1651.[7]  *See Boumediene*, 476 F.3d at 988 n.5 ("Section 7 is unambiguous").  Moreover, the All

Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their

respective jurisdictions."  28 U.S.C. § 1651(a).  The Act, however, "'confines the authority to the

issuance of process 'in aid of' the issuing court's jurisdiction . . . .  [T]he Act does not enlarge

that jurisdiction.'"  *In re Tennant*, 359 F.3d 523, 527 (D.C. Cir. 2004) (quoting *Clinton v.*

_____

        [7] Petitioners' citation to *Rasul v. Bush*, 542 U.S. 466 (2204), and Judge Green's decision
in *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005), is likewise unavailing.
*Rasul*'s interpretation of the habeas statute has been statutorily superceded in the MCA, and
Judge Green's decision was vacated by the Court of Appeals in *Boumediene*, 476 F.3d at 994.

*Goldsmith*, 526 U.S. 529, 534-35 (1999)).  Thus, when an issue that is the subject of a request for a writ is "beyond the . . . [court's] jurisdiction to review[, it is] . . . beyond the 'aid' of the All Writs Act in reviewing it."  *Clinton v. Goldsmith*, 526 U.S. at 535.

Accordingly, the Court has no authority to grant petitioners' motion for relief related to potential transfer, and the motion should be denied.[8]

## CONCLUSION

For the foregoing reasons, petitioners' requests for entry of a protective order in this case, as well as an order preventing respondents from relinquishing custody of petitioner absent 30-days' advance notice to petitioners' counsel, should be denied.

Dated: August 2, 2007                    Respectfully submitted,

                                         PETER D. KEISLER
                                         Assistant Attorney General

                                         DOUGLAS N. LETTER
                                         Terrorism Litigation Counsel

---

[8] As explained in respondents' prior opposition to petitioners' motion for an order requiring advance notice of any transfer (dkt. no. 9), petitioners' request for relief should be denied not only in light of the jurisdictional bar, but also because petitioner fails to satisfy the traditional requirements for a preliminary injunction.

10

    /s/ *Terry M. Henry*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar 347518)
TERRY M. HENRY
JAMES J. SCHWARTZ
JEAN LIN
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS A. OLDHAM
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4938
Fax:  (202) 616-8470

Attorneys for Respondents

EXHIBIT 1

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

## No. 07-5129

Post-It® Fax Note  7671  Date 4/25 # of pages ▶
To Mr. Ledsky   From McMann
Co./Dept. Mr. Lock   Co.
Phone #   Phone # 216-7290
Fax # 202-514-8751   Fax #

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED

APR 25 2007

CLERK

Abu Abdul Rauf Zalita,
　　　Appellant

　　v.

George W. Bush,
　　　Appellee

**BEFORE:**　Rogers, Brown, and Kavanaugh, Circuit Judges

## O R D E R

　　Upon consideration of the emergency motion for injunctive relief and the response thereto, it is

　　**ORDERED** that the motion be denied and the case be dismissed for lack of subject matter jurisdiction. See Boumediene v. Bush, 476 F.3d 981 (D.C. Cir. 2007); Kiyemba v. Bush, Nos. 05-5487, et al., 2007 WL 964612 (D.C. Cir. Mar. 22, 2007).

　　Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

JWR

JRB (by JHC)

BK

EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ABU ABDUL RAUF ZALITA,                    :
                                          :
                    Petitioner/           :
                    Plaintiff,            :        Civil Action No.:    05-1220 (RMU)
                                          :
                    v.                    :        Document No.:        44
                                          :
GEORGE W. BUSH *et al.*,                  :
                                          :
                    Respondents/          :
                    Defendants.           :

### MEMORANDUM ORDER

#### DENYING THE PETITIONER'S MOTION FOR A PRELIMINARY INJUNCTION

This matter comes before the court on the petitioner's motion for a temporary restraining order ("TRO") preventing the respondents from transferring him from the U.S. Naval Base in Guantanamo Bay, Cuba ("GTMO") to the custody of the Libyan government for continued detention. Mem. in Supp. of Pet'r's Mot. for a Prelim. Inj. Prohibiting Unlawful Rendition to Torture ("Pet'r's Mot."). The petitioner, contends that a transfer to Libya "is more likely than not to lead to [his] persecution, torture, or extrajudicial killing at the hands of Libyan officials" *Id.* at 17. Although the court recognizes the seriousness of the petitioner's allegations, it has no choice but to deny the motion for a preliminary injunction.

Section 7(b) of the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 (2006), strips this court of jurisdiction to hear the petitioner's habeas claim and section 7(a) strips this court of jurisdiction to hear the petitioner's non-habeas claims. MCA § 7(b). In particular, section 7(a) of the MCA states that "no court, justice, or judge shall have jurisdiction to hear or consider any [] action relating to any aspect of the detention, transfer, treatment, trial,

or conditions of confinement" of an alien, like the petitioner, who has been classified as an

enemy combatant. In the case *Boumediene v. Bush*, 476 F.3d 981 (2007), the D.C. Circuit held

that section 7(b) of the MCA was not an unconstitutional suspension of the writ of habeas

corpus.

The petitioner argues that the court has jurisdiction to hear his non-habeas claims (that is,

his motion for an order enjoining his transfer to Libya) by noting that the D.C. Circuit's

*Boumediene* decision only addressed the constitutionality of section 7(b) of the MCA. The

petitioner, however, ignores the D.C. Circuit's statement, in *Boumediene*, that "[s]ection 7(a) of

the MCA eliminates jurisdiction over non-habeas claims by aliens detained as enemy

combatants. That alone is sufficient to require dismissal even of pending non-habeas claims."

*Boumediene*, 476 F.3d at 98, n.1. Later in that same opinion, the court states: "Section 7(a) strips

jurisdiction over detainee cases, including habeas cases, and section 7(b) makes section 7(a)

applicable to pending cases." *Id.* at 988. And, contrary to the petitioner's argument that the

MCA is unconstitutional because it eliminates the court's jurisdiction over his due process

claims, Pet'r's Mot. at 34, "precedent in this circuit also forecloses the detainees' claims to

constitutional rights," *Boumediene*, 476 F.3d at 992.

Accordingly, it is this 19th day of April, 2007 hereby

**ORDERED** that the petitioner's motion for a preliminary injunction is **DENIED**.

**SO ORDERED**.


RICARDO M. URBINA
United States District Judge


2

EXHIBIT 3

(ORDER LIST: 550 U.S.)

TUESDAY, MAY 1, 2007

ORDER IN PENDING CASE

06A1005      ZALITA, ABU V. BUSH, PRESIDENT OF U.S., ET AL.

The application for an injunction presented to The Chief
Justice and by him referred to the Court is denied.

EXHIBIT 4

# United States Court of Appeals

FOR THE DISTRICT

No. 07-1127



Filed On:

Mustafa Ahmed Hamlily and Mustafa Ait Idir, as Next
Friend of Hamlily,
          Petitioners

          v.

Robert M. Gates, Sec. of Defense, et al.,
          Respondents

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED

JUL 1 6 2007

CLERK

**BEFORE:**   Randolph, Rogers, and Garland, Circuit Judges

## O R D E R

Upon consideration of the amended emergency motion for an order requiring
respondents to provide 30-days' advance notice of any intended removal of petitioner,
and the opposition thereto, it is

**ORDERED** that the motion be denied. This court lacks jurisdiction to grant the
requested relief. See Khalifh v. Gates, No. 07-1215 (D.C. Cir. June 22, 2007) (citing §
7 of the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 (2006);
§ 1005(e)(2) of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat.
2680 (2005)); Rahman v. Gates, No. 07-1204 (D.C. Cir. June 19, 2007) (same).

**Per Curiam**

ARR/ek

EXHIBIT 5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **AHMED BEN BACHA (BELBACHA),** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-2349 (RMC)** |
| | ) | |
| **GEORGE W. BUSH,** *et al.*, | ) | |
| | ) | |
| **Respondents.** | ) | |

## ORDER

Petitioner Ahmed Belbacha, a detainee at the United States Naval Station in Guantanamo Bay, Cuba, filed a petition for a writ of habeas corpus on December 8, 2005.  On July 26, 2007, Mr. Belbacha filed an emergency motion for a temporary restraining order asking the Court to enjoin the United States from transferring him from Guantanamo Bay to Algeria, his country of citizenship.  Mr. Belbacha contends that it is more likely than not that he will face torture and other forms of abuse from radical Islamist groups in Algeria who oppose his prior service in the Algerian military and his prior employment at a company owned by the Algerian government.

In *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 75 U.S.L.W. 3707 (June 29, 2007), the Court of Appeals held that the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA"), deprives this Court of jurisdiction to hear petitions for habeas corpus brought by Guantanamo detainees, that the deprivation of jurisdiction applies to petitions pending at the time the MCA was passed, and that the deprivation of jurisdiction does not violate the Suspension Clause of the Constitution.  The Court also noted that Section 7(a)(2) of the MCA deprives this Court of jurisdiction to "hear or consider any other action against the United

States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of

confinement of an alien who is or was detained by the United States and has been determined by the

United States to have been properly detained as an enemy combatant or is awaiting such

determination." *Boumediene*, 476 F.3d at 985-86.

Mr. Belbacha argues that, despite *Boumediene*, this Court has jurisdiction to hear his

motion for a temporary restraining order because (1) the Supreme Court has granted certiorari in

*Boumediene*, which puts the ongoing validity of that decision in doubt; (2) the D.C. Circuit has

withdrawn the mandate in *Boumediene*, which indicates that the Circuit no longer believes that this

Court should dismiss habeas petitions pursuant to that decision; and (3) district courts always have

jurisdiction to protect their jurisdiction, and thus this Court can enjoin Mr. Belbacha's transfer to

Algeria to ensure that it has jurisdiction to adjudicate his habeas petition should the Supreme Court

reverse *Boumediene*. The United States disagrees, of course, and argues that the MCA and

*Boumediene* strip this Court of jurisdiction to consider the instant motion.

The Court finds Mr. Belbacha's arguments persuasive as far as they go, and if the

question now pending were whether the Court should dismiss Mr. Belbacha's habeas petition, it may

well agree with him. But that is not the question; rather, the question is whether this Court has

jurisdiction to hear a motion to prevent Mr. Belbacha's transfer from Guantanamo to Algeria. And

on that question the MCA is clear: the Court lacks jurisdiction over any and all non-habeas claims

raised by aliens who are detained as enemy combatants. Mr. Belbacha argues that if the Court denies

his motion on that basis, it will lose jurisdiction over his underlying habeas petition because Mr.

Belbacha will be released from U.S. custody. The Court appreciates that point but notes that the

D.C. Circuit implicitly rejected that argument when it recently denied a similar motion to enjoin the

2

transfer of a Guantanamo detainee based on lack of jurisdiction. *See Zalita v. Bush*, Case. No. 07-5129 (Order of April 25, 2007). The D.C. Circuit presumably followed that reasoning again when it denied for lack of jurisdiction a Guantanamo detainee's motion for an order requiring the United States to provide 30 day's notice before transferring the detainee from Guantanamo. *See Hamlily v. Gates*, No. 07-1127 (Order of July 16, 2007).

The Supreme Court's recent decision to grant certiorari in *Boumediene* notwithstanding, this Court cannot ignore the plain language of the MCA and the D.C. Circuit's holding that the MCA is constitutional. As the D.C. Circuit made clear, the MCA "eliminates jurisdiction over non-habeas claims by aliens detained as enemy combatants. That alone is sufficient to require dismissal even of pending non-habeas claims." *Boumediene*, 476 F.3d at 98 n.1. Accordingly, it is hereby

**ORDERED** that Petitioner's Emergency Motion for Order Enjoining Transfer of Petitioner to Likely Abuse and Torture in Algeria [Dkt. No. 26] is **DENIED** for lack of jurisdiction.

**SO ORDERED**.


DATE: July 27, 2007                              _____/s/_____
                                                 ROSEMARY M. COLLYER
                                                 United States District Judge

EXHIBIT 6

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

## No. 06-1197

## September Term, 2006

**Filed On:**

Haji Bismullah *a/k/a* Haji Bismillah, and *a/k/a* Haji
Besmella,
Haji Mohammad Wali, Next Friend of Haji Bismullah,
    Petitioners

      v.

Robert M. Gates, Secretary of Defense,
    Respondent

---
06-1397

Huzaifa Parhat, et al.,
    Petitioners

      v.

Robert M. Gates, Secretary of Defense, et al.,
    Respondents

```
UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    JUL 3 0 2007

         CLERK
```

**BEFORE:**   Ginsburg, Chief Judge, and Henderson and Rogers, Circuit Judges

### O R D E R

Upon consideration of the court's order to show cause filed July 20, 2007, and the joint response thereto, it is

**ORDERED** that the order to show cause be discharged. The Clerk is directed to enter the attached protective order in the above-captioned cases.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   *[signature]*
Nancy G. Dunn
Deputy Clerk

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

——

**No. 06-1197**                    **September Term, 2006**

Filed On:

Haji Bismullah *a/k/a* Haji Bismillah, and *a/k/a* Haji
Besmella,
Haji Mohammad Wali, Next Friend of Haji Bismullah,
                Petitioners

                v.

Robert M. Gates, Secretary of Defense,
                Respondent

——

06-1397

Huzaifa Parhat, et al.,
                Petitioners

                v.

Robert M. Gates, Secretary of Defense, et al.,
                Respondents

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    JUL 3 0 2007

CLERK

**BEFORE:**    Ginsburg, Chief Judge, and Henderson and Rogers, Circuit Judges

## P R O T E C T I V E   O R D E R

This matter comes before the court upon the parties' motions for a protective order to prevent the unauthorized disclosure or dissemination of classified national security information and other protected information that may be reviewed by, made available to, or is otherwise in the possession of, the Petitioner or Petitioner's Counsel in this case. Pursuant to the general supervisory authority of the court, and for good cause shown,

IT IS **ORDERED:**

1.  **General Provisions**

A.   The court finds that this case involves classified national security information or documents, the storage, handling and control of which require special security precautions, and access to which require a security clearance and a "need to know." This case may also involve other protected information or documents, the storage, handling and control of which may require special precautions in order to protect the security of United States personnel and facilities, and other significant interests.

B.   The purpose of this Protective Order is to establish the procedures that must be followed by a Petitioner, Petitioner's Counsel, and all other individuals who receive access to classified information or documents, or other protected information or documents, in connection with this case, including the Department of Defense (DoD) Privilege Team.

C.   The procedures set forth in this Protective Order will apply to all aspects of this case, and may be modified by further order of the court sua sponte or upon application by any party. The court will retain continuing jurisdiction to enforce or modify the terms of this Order.

D.   Nothing in this Order is intended to or does preclude the use of classified information by the Government as otherwise authorized by law outside of this action under the Detainee Treatment Act.

E.   Petitioner's counsel of record is responsible for advising his or her partners, associates, and employees, the petitioner, and others of the contents of this Protective Order, as appropriate or needed.

F.   All documents marked as classified, and information contained therein, remain classified unless the documents bear a clear indication that they have been declassified or determined to be unclassified by the agency or department that is the original classification authority of the document or of the information contained therein.

G.   Any violation of this Protective Order may result in a sanction for contempt.

2.  **Definitions**

A.   "Detainee" means an alien detained by the DoD as an alleged enemy combatant at the U.S. Naval Base at Guantánamo Bay, Cuba.

B.   "Petitioner" means a Detainee or a "next friend" acting on his behalf.

C.   "Petitioner's Counsel" includes a lawyer who is employed or retained by or on behalf

of a Detainee for purposes of representing the Detainee in this litigation, as well as co-counsel, interpreters, translators, paralegals, investigators, and all other personnel or support staff employed or engaged to assist in this litigation.

D.    As used herein, the words "documents" or "information" include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to:

    i.    papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts, graphs, interoffice and intraoffice communications, notations of any sort concerning conversations, meetings, or other communications, bulletins, teletypes, telegrams, telefacsimiles, invoices, worksheets; and drafts, alterations, modifications, changes and amendments of any kind thereto;

    ii.    graphic or oral records or representations of any kind, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

    iii.    electronic, mechanical or electric records of any kind, including, but not limited to, tapes, cassettes, disks, recordings, electronic mail, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

    iv.    information acquired orally.

E.    The terms "classified information" and "classified documents" refer to:

    i.    any document or information that has been classified by any Executive Branch agency in the interests of national security or pursuant to Executive Order, including Executive Order 12958, as amended, or its predecessor Orders, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)," or any classified information contained in such document;

    ii.    any document or information, regardless of its physical characteristics, now or formerly in the possession of a private party that has been derived from United States government information that was classified, regardless of whether such document or information has subsequently been classified by the Government pursuant to Executive Order, including Executive Order 12958, as amended, or its predecessor Orders, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)";

iii.  oral or nondocumentary classified information known to the Petitioner or Petitioner's Counsel; or

iv.  any document or information as to which the Petitioner or Petitioner's Counsel has been notified orally or in writing that such document or information contains classified information.

F.  The terms "protected information" and "protected documents" refer to any document or information deemed by the court, either upon application by the Government or sua sponte, to require special precautions in storage, handling, and control, in order to protect the security of United States Government personnel or facilities, or other significant government interests.

G.  "Access to classified information" or "access to protected information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information or protected information.

H.  "Communication" means all forms of communication between Petitioner's Counsel and a Detainee, including oral, written, electronic, or by any other means.

I.  "Legal Mail" consists only of documents and drafts of documents that are intended for filing in this action and correspondence directly related to those documents that —

   i.  relate directly to the litigation of this action;

   ii.  address only (a) events leading up to the capture of the Detainee on whose behalf the petition in this action was filed, (b) events occurring between such Detainee's capture and any hearing before a Combatant Status Review Tribunal (CSRT) relating to such Detainee, and (c) the conduct of the CSRT proceeding relating to such Detainee; and

   iii.  do not include any of the following information, in any form, unless directly related to the litigation of this action:

      a.  information relating to any ongoing or completed military, intelligence, security, or law enforcement operations, investigations, or arrests, or the results of such activities, by any nation or agency;

      b.  information relating to current political events in any country;

      c.  information relating to security procedures at the Guantánamo Naval Base (including names of United States government personnel and the layout of camp facilities) or the status of other Detainees;

-4-

       d.     publications, articles, reports, or other such material including newspaper or other media articles, pamphlets, brochures, and publications by nongovernmental or advocacy organizations, or any descriptions of such material.

J.     The "Record on Review" means the information defined as "Government Information" by the Secretary of the Navy in his memorandum regarding "Implementation of Combatant Status Review Tribunal Procedures" dated July 29, 2004, to wit, all "reasonably available information in the possession of the U.S. Government bearing on the issue of whether the detainee meets the criteria to be designated as an enemy combatant."

## 3.    Roles and Functions of the DoD Privilege Team and Special Litigation Team

A.    The "DoD Privilege Team" comprises one or more DoD attorneys and one or more intelligence or law enforcement personnel. If required, the DoD Privilege Team may include interpreters/translators.   The DoD Privilege Team is charged with representing and protecting the interests of the United States Government related to security and threat information. The DoD Privilege Team is authorized to review all communications specified in this order, including written communications and other materials sent from Petitioner's Counsel to the Detainee. The DoD Privilege Team may not disclose a communication from Petitioner's Counsel to the Detainee other than information provided in a filing with the court and served on government counsel, unless the disclosure of such information is authorized by this or another order of the court or by Petitioner's Counsel.

B.    The DoD Privilege Team may redact or screen out material not meeting the definition of "Legal Mail" in section 2(I) above.

C.    When the DoD Privilege Team proposes to redact or screen out material sent from Petitioner's Counsel to a Detainee, Petitioner's Counsel for that Detainee must be notified.

D.    In the event a dispute regarding the screening and redaction of material from legal mail sent from Petitioner's Counsel to a Detainee cannot be resolved among the parties and Petitioner's Counsel seeks the intervention of this court, the DoD Privilege Team may disclose the material at issue to the Commander, JTF-Guantánamo Naval Base or his representatives, including counsel for the Government.

E.    A "Special Litigation Team" is authorized to represent the DoD Privilege Team with respect to execution of its duties. The Special Litigation Team will be composed of one or more attorneys from the Department of Justice, who may not take part or be involved in litigating the merits of this action under the Detainee Treatment Act or any other case brought by or against the Detainee.

-5-

F.    The DoD Privilege Team may, through the Special Litigation Team (see § 3(H) below), inform the court of any issues or problems related to the release or processing of information related to this case.

G.    The Special Litigation Team may not disclose information provided by the DoD Privilege Team, or any information submitted by Petitioner's Counsel to the DoD Privilege Team for review, except as provided by this Order or as permitted by Petitioner's Counsel or by the court,

H.    Petitioner's Counsel or the Special Litigation Team may submit filings to the court concerning the DoD Privilege Team or actions taken by it.

I.    Until otherwise notified, potentially privileged information in such filings must be submitted to the court under seal and contain a conspicuous notation as follows: "Submitted Under Seal – Contains Privileged Information." To maintain such information under seal, an appropriate application must be made to the court. Such information must be maintained under seal unless and until the court determines the information should not be sealed. Such filings by Petitioner's Counsel or the Special Litigation Team may not be served on counsel for respondent, except as authorized by Petitioner's Counsel or the court. With respect to a submission made under seal, a redacted version suitable for filing in the public record must be provided. Unresolved disputes concerning such redacted versions may be presented to the court.

J.    Petitioner's Counsel may not convey to a Detainee information redacted or screened by the DoD Privilege Team or designated for such redaction or screening, absent consent from the DoD Privilege Team, the Special Litigation Team, or the Government, or authorization by this court.

## 4.    Access to Classified Information and Documents

A.    Without authorization from the Government, neither Petitioner nor Petitioner's Counsel may have access to any classified information involved in this case.

B.    Petitioner's Counsel is presumed to have a "need to know" all the information in the Government's possession concerning the Detainee he represents. This presumption is overcome to the extent the Government seeks to withhold from Petitioner's Counsel highly sensitive information or information concerning a highly sensitive source that the Government presents to the court ex parte and in camera. Except for good cause shown, the Government must provide notice to Petitioner's Counsel on the same day it files such information with the court ex parte.

C.    Authorization from the Government to access classified information will not be granted to Petitioner's Counsel unless Petitioner's Counsel has first:

    i.    received the necessary security clearance as determined by the Department of Justice; and

    ii.    obtained written evidence of authority to represent the Detainee; or

    iii.    obtained evidence of authority to represent the Detainee through the Detainee's next friend.

D.    Prospective counsel for a Detainee may have up to two visits with a Detainee to obtain his authorization to seek review of the CSRT's determination of his status.

E.    The substitution, departure, or removal of Petitioner's Counsel from this case for any reason will not release that person from the provisions of this Protective Order.

F.    Except as provided herein, Petitioner's Counsel may not disclose any classified or protected information to any person. Petitioner's Counsel may not disclose classified or protected information to a Detainee, unless that information was obtained in the first instance from the Detainee.

G.    A disclosure of classified information includes any knowing, willful, or negligent action that could reasonably be expected to result in a communication or physical transfer of classified information.

H.    Neither Petitioner nor Petitioner's Counsel may disclose or cause to be disclosed in connection with this case any information known or believed to be classified except as otherwise provided herein.

I.    At no time, including any time subsequent to the conclusion of this case, may Petitioner's Counsel make any public or private statements disclosing any classified information made available pursuant to this Protective Order, including the fact that any such information is classified.

J.    Petitioner's Counsel is required to treat all information learned from a Detainee, including any oral or written communication with a Detainee, as classified information, unless and until the information is submitted to the DoD Privilege Team or counsel for the Government and determined to be nonclassified. All classified material must be handled, transported, and stored in a secure manner, as provided by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R.

K.    Petitioner's Counsel or the DoD Privilege Team must disclose to government counsel or Commander, JTF-Guantánamo Naval base any information learned from a Detainee involving any future event that threatens national security or is likely to involve violence. In such cases, the Privilege Team must provide contemporaneous notice to Petitioner's Counsel and retain for Petitioner's Counsel a copy of the

material provided to government counsel or Commander, JTF-Guantánamo Naval Base.

## 5.  Access to Protected Information

A.  The Government may apply to the court to deem any information "protected," and if filed in this court to be maintained under seal. Such information must be maintained under seal unless and until the court determines the information should not be designated as "protected."

B.  Without authorization from the Government or the court, protected information may not be disclosed or distributed to any person or entity other than the following:

   i.  Petitioner's Counsel and counsel bound by the terms of this protective order in a case filed on behalf of another Detainee seeking review under the Detainee Treatment Act,

   ii.  the court and its support personnel, and

   iii.  a Detainee if the information was obtained in the first instance from the Detainee.

C.  Neither Petitioner nor Petitioner's Counsel may disclose or cause to be disclosed any information known or believed to be protected in connection with any hearing or proceeding in this case except as otherwise provided herein.

D.  At no time, including any period subsequent to the conclusion of the proceedings, may Petitioner's Counsel make any public or private statements disclosing any protected information made available pursuant to this Protective Order, including the fact that any such information is protected.

E.  Protected information may be used only for purposes directly related to this case and not for any other litigation or proceeding, except by leave of the court. Photocopies of documents containing such information may be made only to the extent necessary to facilitate the permitted use hereunder.

F.  Nothing in this Protective Order prevents the Government from using for any purpose protected information it provides to a party. Nothing in this Protective Order entitles a nonparty to this case to protected information.

G.  Within ninety (90) days of the resolution of this action, and the termination of any certiorari review therefrom, all protected documents or information, and any copies thereof, provided to Petitioner's Counsel must be promptly destroyed, and Petitioner's Counsel must certify in writing that all designated documents and

materials have been destroyed.

H.    The Record on Review must be provided to Petitioner's Counsel at the time the certified index of the record is filed in this court, or as otherwise ordered by the court.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    *[signature]*

Nancy G. Dunn
Deputy Clerk